| | | |
|---|---|---|
| **TONY DOOLEY** | * | **NO. 2022-CA-0011** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **CJ JOHNSON HOME IMPROVEMENT &** | * | **FOURTH CIRCUIT** |
| **CORNELIUS JOHNSON** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

*TGC*

**CHASE, J., CONCURS IN THE RESULT**

I concur with the result reached by the majority that this appeal should be dismissed as untimely. I write separately to note that, based upon the merits of this appeal, I would have affirmed the trial court's judgment. "When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings." *Rosell v. ESCO*, 549 So.2d 840, 845-846 (La. 1989). If objective evidence contradicts the witness's story, or the story itself is so internally inconsistent or implausible that a reasonable fact finder would not give it credit, an appellate court may well find manifest error even in a finding purportedly based upon a credibility determination. *Id.* "But where such factors are not present, and a factfinder's finding is based upon its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong." *Id.*